## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| BEN KIMBRO and MARY KIMBRO, individually and as parents and next friends of their minor children, F.C.K and C.P.K.. | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | **Case No. 13-CV-208-TCK-TLW** |
| DAVIS H. ELLIOT COMPANY, INC., | ) ) ) | |
| Defendant. | ) | |

## <u>OPINION AND ORDER</u>

Before the Court is Defendant's Motion to Dismiss Fraud Allegations (Doc. 13), wherein Defendant Davis H. Elliot Company, Inc. moves the Court to dismiss Plaintiffs' fraud claim pursuant to Federal Rules of Civil Procedure 12(b)(6), 12(c), and (12)(h)(2).  Because the motion was filed after Defendant's Answer, the motion is properly construed as a motion for judgment on the pleadings pursuant to Rule 12(c).  *See Brown v. Montoya*, 662 F.3d 1152, 1160 (10th Cir. 2011) ("Because qualified immunity is an affirmative defense . . . raised in their answer, their motion is more accurately described as a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) rather than a motion for failure to state a claim under Rule 12(b)(6).").

## I.    Factual Allegations

During December of 2007 and January of 2008, Defendant performed work on Plaintiffs' home in conjunction with an American Public Service Company of Oklahoma ("PSO") project to convert Plaintiffs' home to underground power lines.  Defendant installed and rewired certain electrical components in Plaintiffs' home.  On September 16, 2011, a fire began in Plaintiffs' attic.

The fire caused minor damage before being extinguished by the Tulsa Fire Department.  On January 2, 2012, a second fire began in the attic.  This fire caused more extensive damage and led to Plaintiffs' ceiling collapsing.

In addition to alleging that Defendant performed negligent work, Plaintiffs also allege that Defendant committed fraud.  Specifically, Plaintiffs allege that "Defendant was aware of damage to an electrical panel cover caused by electrical arcing and shorting due to its defective and negligent work, but had concealed that evidence without repairing the defective and negligent work."  (Pet. ¶ 8.)  Plaintiffs further allege:

> Defendant . . . fraudulently concealed the evidence of its negligent and defective work, and thereby concealed the defects in the home's electrical system caused by Defendant in order to deceive Plaintiffs into believing that their home was safe and, in fact, that they were safe in their home.  Defendant . . . misrepresented the condition of Plaintiffs' home . . . .

(*Id.* ¶¶ 14, 15.)  In their response to the motion to dismiss, Plaintiffs further explained that Defendant's employees "conceal[ed] an electrical panel cover that, once found, showed signs of electrical arcing and shorting indicative of Defendant's negligence."  (Resp. to Mot. to Dismiss 3.)

## II.    Rule 12(c) Standard

The Court applies the same standard to Rule 12(c) motions as it applies to Rule 12(b)(6) motions.  *See Brown*, 662 F.3d at 1160 n.4.  In considering a motion to dismiss under Rule 12(b)(6), a court must determine whether the plaintiff has stated a claim upon which relief may be granted. The inquiry is "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'"  *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).  In order to survive a Rule 12(b)(6) motion to dismiss, a plaintiff must "'nudge [ ] [his] claims across the line from conceivable

to plausible.'" *Id.* (quoting *Twombly*, 550 U.S. at 547). Thus, "the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." *Id.*

The Tenth Circuit has interpreted "plausibility," the term used by the Supreme Court in *Twombly*, to "refer to the scope of the allegations in a complaint" rather than to mean "likely to be true." *Robbins v. Okla. ex rel. Okla. Dep't of Human Servs.*, 519 F.3d 1242, 1247 (10th Cir. 2008). Thus, "if [allegations] are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible." *Id.* (internal quotations omitted). "The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief." *Id.* "This requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them." *Id.* at 1248. In addition, the Tenth Circuit has stated that "the degree of specificity necessary to establish plausibility and fair notice, and therefore the need to include sufficient factual allegations, depends on context." *Id.*

## III.    Analysis

Defendant argues that the fraud claim is not adequately pled and, alternatively, that the allegations fail to state a claim for relief. First, Defendant contends that it is entitled to dismissal because Plaintiffs have failed to satisfy Rule 9(b), which requires that "a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). At a minimum, this requires Plaintiffs to set forth the time, place, and contents of the false representation, the

3

identity of the party making the false statements, and the consequences thereof.  *See United States ex rel. Sikkenga v. Regence Bluecross Blueshield of Utah*, 472 F.3d 702, 727 (10th Cir. 2006).  Plaintiffs have alleged that the individual or individuals who performed repair work on their home engaged in fraudulent concealment by physically concealing an electrical panel cover that, once eventually found, revealed signs of electrical shorting caused by Defendant's negligence.  The alleged time of fraud is upon the completion of the work performed in December 2007 and January 2008.  The alleged place of fraud is Plaintiffs' home.  The alleged content of the fraud was the physical concealment of the panel and non-disclosure of problems with the panel.  The alleged consequence of fraud was Plaintiffs' inability to see or detect problems with the electrical panel cover, leading to an inability to prevent the first or second fire.  The precise identity of Defendants' employees who worked on Plaintiffs' home is unknown to Plaintiffs at this time but should be ascertainable from Defendant's records.  Plaintiffs have satisfied Rule 9(b)'s requirements.

Second, Defendant argues that Plaintiffs have failed to state a claim for fraud under Oklahoma law because "concealing something, without more, does not rise to the level of fraud in Oklahoma."  (Reply in Support of Mot. to Dismiss 3 (citing *Parris v. Limes*, 277 P.3d 1259 (Okla. 2012).)  However, the Oklahoma Supreme Court has recently explained:

> This Court has often said that fraud is a generic term embracing the multifarious means which human ingenuity can devise so one can get advantage over another *by false suggestion or suppression of the truth.*  When fraud is alleged, every fact or circumstance from which a legal inference of fraud may be drawn is admissible.  Actual fraud is the intentional misrepresentation *or concealment* of a material fact, *with an intent to deceive*, which substantially affects another person, while constructive fraud is a breach of a legal or equitable duty to the detriment of another, which does not necessarily involve any moral guilt, intent to deceive, or actual dishonesty of purpose.

*Croslin v. Enerlex*, Inc., - - - P.3d - - - - , 2013 WL 2316553, at *3-4 (Okla. 2013) (emphasis added); *see also* Okla. Stat. tit. 15, § 58 (actual fraud committed by a party to a contract includes the "suppression of that which is true, by one having knowledge or belief of the fact" or "any other act fitted to deceive"). Plaintiffs' allegations of intentional concealment of defective workmanship are sufficient to state a claim under the Oklahoma Supreme Court's definition of fraud.[1]

## IV.    Conclusion

Defendant's Motion to Dismiss Fraud Allegations (Doc. 13) is DENIED.

SO ORDERED this 21st day of August, 2013.

**TERENCE C. KERN**
**UNITED STATES DISTRICT JUDGE**

---

[1]  The *Parris* case cited by Plaintiffs arose in the medical malpractice context. The court held that a physician, who allegedly concealed a medical fact from his patient, was entitled to summary judgment on a fraud claim but not a claim for breach of informed consent. *See id.* at 1265. The Court does not interpret *Parris* as overruling the legion of precedent cited in *Croslin* or as standing for the broad proposition that concealment may never support a fraud claim in any context.